# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5395 | **DATE** | September 23, 2010 |
| **CASE TITLE** | Todd S. Howell (#B-41996) vs. Correctional Officer Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#4] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $3.63 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case.

■ **[For further details see text below.]**                                         **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in state custody at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Correctional Officer Cook forced him to stand outside in sub-freezing weather on January 25, 2010 at Sheridan Correctional Center while he waited in line for his medication. He also alleges that Defendant Correctional Officer Nolan forced him to remain in a cell at Sheridan Correctional Center that had been flooded with raw sewage for a period of five days.

Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.63. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff is alleging unrelated claims against different Defendants, which is not allowed. *See George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits") *Id.* at 607. In *George*, the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances.
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

    As discussed in *George*,

    The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607.

Plaintiff's complaint contains multiple potential claims, including retaliation and conditions of confinement against Correctional Officer Cook, and different allegations of retaliation and conditions of confinement against Correctional Officer Nolan. Plaintiff's complaint containing multiple distinct claims against unrelated Defendants cannot stand. *Id.* at 606.

    Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. If Plaintiff chooses to submit an amended complaint, he must state the claim he seeks to raise, including enough information about the claim to give each Defendant notice of the violations being alleged. He should plead only related claims in the complaint in this case. If Plaintiff wishes to pursue his unrelated claims, to the extent he can satisfactorily plead under the pleading requirements of the Federal Rules of Civil Procedure, he should do so in separate complaints. Plaintiff is cautioned, however, that he would be responsible for payment of the filing fee in each suit filed.

    In short, Plaintiff needs to decide which claim(s) he wishes to proceed on and whether the Defendants he names are common to those claims, or file separate lawsuits regarding his separate claims. If he feels that the variety of claims can be brought against a particular Defendant or group of Defendants, he can bring the variety of claims against the Defendants to whom the claims are common. Plaintiff is granted thirty days from the date of this order to amend his complaint. Plaintiff must satisfactorily identify Defendants and adequately notify them of the claims he is making against them. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that Plaintiff does not choose to pursue his claims in federal court at this time.

*James F. Holderman*